UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIS NOEL RUEDA-FLORES,<br>Petitioner,<br>v.<br>SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,<br>Respondent. | No. 1:26-cv-07657-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. No. 2) |

On September 21, 2026, petitioner, proceeding pro *se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On September 23, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

/////

On September 25, 2026, respondent filed an opposition to the pending motion. (Doc. No. 7.) In that opposition, respondent argues that petitioner is lawfully detained pursuant to § 1225(b). (*Id.* at 1.) Respondent concedes that "this case is in the category of immigration habeas cases for which the Court has typically ordered immediate release on due process grounds." (*Id.* at 2.) Respondent does not oppose the court ruling directly on the merits of the petition (*id.*), and the court will do so.

Based upon the parties' briefing, the court finds the following facts. On or about November 14, 2019, petitioner entered the United States with his family and while he was still a minor. (*Id.* at 11.) On November 15, 2019, petitioner and his family were identified as candidates for the Migrant Protection Protocol ("MPP"),[1] served notices to appear, and returned to Mexico until "their immigration hearing on" February 18, 2020. (*Id.*) As some point thereafter, petitioner returned to the United States and applied for asylum, an application which according to petitioner remains pending.[2] (*Id.* at 3.) On or about June 20, 2026, petitioner was driving to an unknown location in Austin, Texas when ICE agents initiated a traffic stop of his vehicle and re-detained him. (Doc. No 7 at 10.) According to ICE records, petitioner had been residing in Austin, Texas. (*Id.*) After initially maintaining custody over him in Texas, ICE transferred petitioner to the California City Detention Center, where he remains to date. (Doc. No. 1 at 1–2.)

Here, respondent's evidence that petitioner was arrested pursuant to a warrant under 8 C.F.R. § 236, (Doc. No. 7 at 20), supports a finding that petitioner is subject to § 1226(a), not

---

[1] "Pursuant to the MPP, asylum seekers arriving at the United States Border by land from Mexico are returned to Mexico to await the outcome of their immigration proceedings." *Doe v. Wolf*, 432 F. Supp. 3d 1200, 1204 (S.D. Cal. 2020).

[2] The circumstances surrounding petitioner's return to the United States are unclear based upon the parties submissions. Petitioner was also ordered removed *in absentia* in 2022 but that order appears to have been revoked in 2024 when his motion to reopen was granted. (Doc. No. 7 at 11.) *Galicia Diaz v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-03434-KES-EGC (HC), 2026 WL 1299520, at *1 (E.D. Cal. May 11, 2026) (noting that the granting of a motion to reopen an in absentia order means that § 1231(a) does not govern); *see also* 8 U.S.C. § 1229a(b)(5) (explaining that an *in absentia* removal order may only be rescinded upon the granting of a motion to reopen);.

§ 1225(b). *Dinesh S. v. Chestnut*, No. 1:26-cv-01717-TLN-EFB, 2026 WL 1028016, at *2 (E.D. Cal. Apr. 16, 2026) ("Petitioner was arrested on a warrant made pursuant to § 236 of the INA, which is codified by § 1226. Because the authority for Petitioner's detention comes from § 1226, it follows that his detention is not governed by § 1225(b)(2) as §§ 1225 and 1226 cannot be applied simultaneously.") (internal citation omitted); *Angel D.M. v. Noem*, No. 1:25-cv-01806-KES-EPG (HC), 2025 WL 3718825, at *5 (E.D. Cal. Dec. 23, 2025) ("Petitioner's arrest on a warrant issued under section 1226 further undermines respondents' argument that he is subject to mandatory detention under section 1225(b)(2)(A)."). Moreover, here it is undisputed that petitioner was apprehended in the interior of the United States and has not been admitted, which the Ninth Circuit has recently held means that § 1226(a) applies to petitioner's detention. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) ("[W]e conclude that [noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Finally, ICE records confirm that petitioner has been residing in Austin, Texas for some period of time. (Doc. No. 7 at 10.) At least one district court has concluded that § 1226(a) applies to similarly situated petitioners. *Lima Herrera v. Haynes*, No. 26-cv-00266-AT, 2026 WL 183691, at *1–2 (S.D.N.Y. Jan. 23, 2026) (concluding that § 1226(a) applied to a petitioner who was processed and returned to Mexico under the MPP, returned to the United States under unknown circumstances, and subsequently re-detained in New York after residing there for a period of time). This court likewise concludes that § 1226(a) governs petitioner's detention in light of the above considerations. Accordingly, the court rejects respondent's position that § 1225(b) governs here.

The undersigned has previously explained that failure to comply with the procedures set forth in § 1226(a) and its implementing regulations renders the detention of a noncitizen who is subject to that statutory provision unlawful. *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) ("In other words, failure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements.").

One of those procedures is that the government must promptly provide the noncitizen with an initial custody determination decision. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *4 (D. Nev. July 7, 2026) ("Section 1226(a) . . . protections include[] . . . the requirement that an ICE officer with designated authority conduct an initial custody determination at the outset of detention, wherein the noncitizen has an opportunity to 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding[.]'"). Failure to comply with this requirement warrants the noncitizen's immediate release from custody. *Zurita Navarro*, 2026 WL 2294963, at *2 ("In other words, failure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements.").

Here, there is no indication that petitioner was provided with an initial custody determination when ICE arrested him. Accordingly, the court will order petitioner's immediate release from custody.[3] *Id.* (noting that failure to provide an initial custody determination for a petitioner who was unlawfully detained pursuant to § 1225(b) when they were subject to § 1226(a) provided an independent basis to release them from custody).

[3] Petitioner indicated that he filed a habeas in the Western District of Texas when he was detained in Texas. (Doc. No. 1 at ¶¶ 23–24) (citing *Rueda Flores v. Ortega et al.*, 1:26-cv-01856-ABD, Doc. No. 6 (Aug. 19, 2026)). A review of the docket in that action reveals that the court there denied the petition on due process and statutory grounds. 1:26-cv-01856-ABD, Doc. No. 6 at 2. "[T]he the Ninth Circuit has recognized that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241." *Mendoza v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03785-DAD-CSK (HC), 2026 WL 1481759, at *2 (E.D. Cal. May 27, 2026) (citation omitted). Respondent in this action does not argue that the abuse of the writ doctrine applies nor even acknowledges the prior petition's existence. Accordingly, the court declines to address the applicability of the abuse of the writ doctrine to these proceedings. *Dinga v. Warden of the Golden State Annex*, No. 1:26-cv-04266-EJD, 2026 WL 2588433, at *2 n.1 (E.D. Cal. Sept. 1, 2026) (noting that the court need not address the abuse of the writ doctrine in an action where the petitioner was previously denied habeas relief in the Northern District of Texas because respondents failed to raise that doctrine applied in their opposition); *see also Tran v. Warden*, No. 1:26-cv-05113-NW, 2026 WL 2921446, at *1 (E.D. Cal. Sept. 29, 2026) ("It is the Government's burden to plead abuse of the writ by noting, with clarity and particularly, Petitioner's prior writ history and the claims that appear for the first time.") (citation omitted).

For these reasons,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Rudis Noel Rueda-Flores, A-File No. 213-570-130, from respondent's custody;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE